**UNPUObLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 16-4225**

———————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

SHAMAR DAVELL PETTY,

              Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Catherine C. Eagles, District Judge. (1:15-cr-00167-CCE-1)

———————

Submitted: October 31, 2016      Decided: November 9, 2016

———————

Before MOTZ and HARRIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Louis C. Allen, Federal Public Defender, Tiffany T. Jefferson, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Ripley Rand, United States Attorney, JoAnna G. McFadden, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shamar Davell Petty pled guilty to possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012). On remand for resentencing, the district court imposed an above-Sentencing Guidelines sentence of 92 months' imprisonment. On appeal, Petty contends that his sentence is substantively unreasonable. We affirm.

Because Petty does not assert any procedural sentencing error, we review only the substantive reasonableness of the sentence, considering "the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in [18 U.S.C.] § 3553(a) [(2012)]." United States v. Gomez-Jimenez, 750 F.3d 370, 383 (4th Cir. 2014) (internal quotation marks omitted). The "deferential abuse-of-discretion standard applies to any sentence, whether inside, just outside, or significantly outside the Guidelines range." United States v. Rivera-Santana, 668 F.3d 95, 100–01 (4th Cir. 2012) (internal quotation marks omitted). When reviewing a sentence that falls outside the applicable Guidelines range, "we consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." United States v. Howard, 773 F.3d 519, 529 (4th Cir. 2014).

2

Petty argues that his sentence is greater than necessary to achieve the purposes of sentencing and that the district court failed to give sufficient reasons for the extent of the variance. After reviewing the district court's thorough explanation of Petty's sentence, we conclude that it did not abuse its discretion. The district court noted that Petty had a long criminal history, including several convictions involving firearms, and that he had received relatively lenient sentences in the past that had not deterred him from engaging in new criminal conduct. See 18 U.S.C. § 3553(a)(1), (a)(2)(B). The district court also considered the dangerousness of the conduct underlying the offense of conviction — specifically, that Petty carried and discarded a firearm in a residential neighborhood. See id. § 3553(a)(2)(A). The district court considered the Guidelines range and determined that a sentence significantly higher than that range was necessary to protect the public and to demonstrate to Petty that his conduct could not continue. See id. § 3553(a)(2)(B), (a)(2)(C), (a)(4)(A).

Accordingly, we affirm the district court's amended criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

3